UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jay Clifton Kolls, | Civil No. 14-370 (DWF/HB) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| City of Edina; City of Minneapolis; City of Mound; City of Orono; Dakota Communications Center; Renville County; City of Rosemount; City of Savage; City of Shakopee; City of St. Paul; Michael Campion, in his individual capacity as the Commissioner of the Department of Public Safety; Ramona Dohman, in her individual capacity as the Commissioner of the Department of Public Safety; John and Jane Does (1-50), acting in their individual capacity as supervisors, officers, deputies, staff, investigators, employees or agents of the other governmental agencies; Department of Public Safety Does (1-30), acting in their individual capacity as officers, supervisors, staff, employees, independent contractors or agents of the Minnesota Department of Public Safety; and Entity Does (1-50), including cities, counties, municipalities, and other entities sited in Minnesota, | |
| Defendants. | |

---

Lorenz F. Fett, Jr., Esq., Sonia L. Miller-Van Oort, Esq., and Jonathan A. Strauss, Esq., Sapentia Law Group PLLC, counsel for Plaintiff.

Mark P. Hodkinson, Esq., Bassford Remele, PA, counsel for Defendant City of Edina.

Darla J. Boggs and Gregory P. Sautter, Assistant City Attorneys, Minneapolis City Attorney's Office, counsel for Defendant City of Minneapolis.

Jon K. Iverson, Esq., Stephanie A. Angolkar, Esq., and Susan M. Tindal, Esq., Iverson Reuvers Condon, counsel for Defendants City of Mound, City of Orono, Dakota Communications Center, City of Rosemount, City of Savage, and City of Shakopee.

Jamie L. Jonassen, Esq., and Joseph E. Flynn, Esq., Jardine Logan & O'Brien PLLP, counsel for Defendant Renville County.

Adam M. Niblick, Assistant City Attorney, St. Paul City Attorney's Office, counsel for Defendant City of St. Paul.

Oliver J. Larson, Assistant Attorney General, Minnesota Attorney General's Office, counsel for Defendants Michael Campion and Ramona Dohman.

# INTRODUCTION

This matter is before the Court on the following motions: (1) Defendant Renville County's ("Renville") Motion to Dismiss or to Sever (Doc. No. 14); (2) Defendant City of St. Paul's ("St. Paul") Motion to Dismiss or to Sever (Doc. No. 19); (3) Defendant City of Minneapolis' ("Minneapolis") Motion to Dismiss or to Sever (Doc. No. 24); (4) Defendants City of Mound, City of Orono, City of Rosemount, City of Savage, City of Shakopee, and Dakota Communications Center's (together, "City and Dakota Defendants") Motion to Dismiss or to Sever (Doc. No. 28); (5) Defendant City of Edina's ("Edina") Motion for Judgment on the Pleadings or to Sever (Doc. No. 43); and (6) Michael Campion and Ramona Dohman's (together, "Commissioners") Motion to Dismiss (Doc. No. 55). For the reasons set forth below, the Court grants the motions to dismiss and does not reach the motions to sever as moot.

## BACKGROUND

This case relates to the alleged unlawful access of Plaintiff Jay Clifton Kolls' ("Kolls" or "Plaintiff") information contained in the motor-vehicle records database for Minnesota Drivers (the "Database") and maintained by the Department of Vehicle Services ("DVS").[1] (Doc. No. 1, Compl. ¶¶ 1-10.) Plaintiff alleges that the personnel from various government entities unlawfully accessed his Database information, which includes an individual's "home address, date of birth, height, weight, eye color, color photographs, and driver identification number . . . [and] social security numbers . . . and, in some instances, health and disability information." (*Id*. ¶ 99.) Many of the allegations in this case are identical to the allegations made in the numerous and substantially similar cases previously filed in this District[2] and are very familiar to the Court. *See, e.g.*, *Mallak v. Aitkin Cnty.*, Civ. No. 13-2119, 2014 WL 1285807, at *1-3, *14-16 (D. Minn. Mar. 31, 2013) (describing plaintiff's allegations relating to the actions by the various government entities and the Commissioner defendants and also describing the background and framework of the Driver's Privacy Protection Act ("DPPA")). Therefore, here, the Court need not restate all of Plaintiff's allegations and, instead, will focus on those alleged facts that are unique to this case.

---

[1] DVS is a division of the Minnesota Department of Public Safety ("DPS"). (*See* Compl. ¶¶ 39, 176.)

[2] *See, e.g.*, *Sherno v. Anoka Cnty.*, Civ. No. 14-982, 2014 WL 4670926, at *1 (D. Minn. Sept. 19, 2014) (citing *Roschen v. Wabasha Cnty.*, Civ. No. 13-2490, 2014 WL 3105032, at *2 n.4 (D. Minn. June 26, 2014) (counting twenty-eight such cases in this District)).

Plaintiff alleges that he has been a Minnesota television and radio news reporter for approximately twenty-nine years. (*Id.* ¶¶ 33, 35.) Plaintiff is currently a reporter for KSTP, an ABC affiliate in the Twin Cities in Minnesota. (*Id.* ¶ 34.) Between 2006 and 2010, Plaintiff hosted a morning radio talk show on AM1500 in the Twin Cities. (*Id.* ¶¶ 36, 37.) Plaintiff is well known for his reporting and has won awards relating to his reporting. (*Id.* ¶ 38.)

Plaintiff sought and obtained the audit report associated with his driver's license records from DVS in April 2013. (Compl. ¶¶ 175-77.) The audit report revealed that Plaintiff's records had been accessed twenty-seven times as follows:

| **Entity Accessing Kolls' Records** | **Total Number of Lookups Alleged** |
|---|---|
| Renville | 1 |
| Edina | 1 |
| Minneapolis | 6 |
| Mound | 1 |
| Orono | 1 |
| Rosemount | 1 |
| Savage | 2 |
| Shakopee | 1 |
| St. Paul | 6 |
| Dakota Communications Center | 1 |
| Others | 6 |
| **TOTAL** | **27** |

(*See id.* at Ex. A.) The audit reflects that each lookup was made by searches using Kolls' name, not his license plate or driver's license number. (*Id.* ¶¶ 3, 101, 178.) Plaintiff asserts that he never provided consent for access to his records and never waived his consent. (*Id.* ¶¶ 213, 239.) He also alleges that he has never been investigated by the

4

entities listed above and has not committed any crimes that would authorize access to his personal data.  (*See, e.g.*, *id.* ¶ 181; *Id.* ¶ 54.)

In his Complaint, Plaintiff asserts the following claims:  (1) violation of the DPPA, 18 U.S.C. § 2721, *et seq.*, against all Defendants; (2) violation of 42 U.S.C. § 1983 against all Individual Defendants, including Jane and John Does; (3) violation of 42 U.S.C. § 1983 against all Entity Defendants, Supervisor Defendants, including John, Jane and and Entity Does; (4) violation of 42 U.S.C. § 1983 against Commissioner Defendants and DPS Does; and (5) common law invasion of privacy against all Defendants.  (*Id.* ¶¶ 236-323.)

Defendants now move to dismiss based on the statute of limitations, failure to state a claim under the DPPA, failure to state a claim under § 1983, and failure to state a claim for invasion of privacy.  (*See, e.g.*, Doc. Nos. 14, 16.)  Defendants also seek severance in the alternative.  (*See id.*)

## DISCUSSION

**I.     Legal Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court may consider the

complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

**II.     Statute of Limitations**

The issues raised by the parties in the present motions have been extensively discussed in connection with other DPPA cases in this District and need not be repeated here. With respect to the question of the statute of limitations in DPPA cases, the Court hereby adopts its prior reasoning in *Mallak*. *See Mallak*, 2014 WL 1285807, at *4-6 (D. Minn. March 31, 2013). Therefore, the Court finds that with respect to Plaintiff's DPPA claims, the standard rule applies, and the Court declines to apply the discovery rule as sought by Plaintiff. *Id*. Application of the standard rule means that Plaintiff's DPPA

6

claims are subject to a four-year statute of limitations and that the clock begins running on the date when Plaintiff's records were accessed. *See id.*

In this case, because Plaintiff filed his complaint on **February 11, 2014**, the statute of limitations bars claims made regarding lookups occurring before **February 11, 2010**. As a result, Plaintiff's DPPA claims related to the following twenty-one lookups, that occurred before February 11, 2010, are time-barred and must be dismissed:

1. Plaintiff's claim against the City of Renville for a single lookup on October 26, 2009.

2. Plaintiff's claim against the City of Edina for a single lookup on October 26, 2009.

3. Plaintiff's claims against the City of Minneapolis for all six lookups on: June 4, 2008 (2 lookups); August 11, 2008 (1 lookup); October 26, 2009 (1 lookup); and November 10, 2009 (2 lookups).

4. Plaintiff's claim against the City of Orono for a single lookup on October 26, 2009.

5. Plaintiff's claim against the City of Rosemount for a single lookup on October 26, 2009.

6. Plaintiff's claim against the City of Savage for two lookups on: December 22, 2008; and May 16, 2009.

7. Plaintiff's claims against the City of St. Paul for five of six lookups on: July 30, 2009 (1 lookup); March 14, 2009 (1 lookup); October 27, 2009 (1 lookup); and October 30, 2009 (2 lookups).

8. Plaintiff's claim against Dakota Communications Center for a single lookup on October 26, 2009.

9. Plaintiff's claims relating to other entities' lookups on: May 28, 2003 (Chaska Driver's License Office); October 29, 2009 (St. Croix County); and October 31, 2009 (St. Croix County).

(*See* Compl. at Ex. A.)

The Court notes that Plaintiff's new arguments relating to futility do not alter the Court's holdings or reasoning on the statute of limitations found in *Mallak*. Specifically, Plaintiff argues that before August 2011, it was DPS's practice to "withhold, deny and mislead the public to prevent access" to information about lookups of one's personal information on the Database. (Doc. No. 39 at 6, 8.) Plaintiff argues that therefore, prior to August 2011, it would have been futile for Plaintiff to request an audit report of lookups of his records. (*Id.*) Plaintiff, however, fails to allege that he was ever denied access to an audit, and cites no specific facts in support of his claims that DPS regularly denied access to audits prior to 2011. Plaintiff attaches exhibits to their Complaint in an attempt to show two such instances where an individual was denied access to an audit; however, these exhibits are insufficient to support Plaintiff's claim that DPS had a regular practice of denying access to audits prior to August 2011.

Similarly, with respect to Plaintiff's invasion of privacy claims, a two-year statute of limitations applies. *Mallak*, 2014 WL 1285807, at *13-14 n.21 (stating that intrusion upon seclusion is an intentional tort with a two-year statute of limitations in Minnesota). Thus, all claims relating to lookups before **February 11, 2012**, are dismissed. As a result, all Count V claims against all Defendants are dismissed in their entirety.[3]

---

[3]   Even if the statute of limitations did not bar Plaintiff's invasion of privacy claims, the Court would dismiss them for failure to state a claim consistent with its ruling in *Mallak*. *See Mallak*, 2014 WL 1285807, at *13-14.

In sum, all DPPA claims for data lookups prior to February 11, 2010, are dismissed, leaving only one lookup by the City of Mound, one lookup by the City of Shakopee, one lookup by the City of St. Paul, and three lookups by the Hennepin Courts. In addition, all of Plaintiff's invasion of privacy claims are dismissed in their entirety as barred by the statute of limitations.

### III. The DPPA

In light of the Court's ruling on the statute of limitations, the remaining lookups that support Plaintiff's DPPA claims are as follows:

1. One lookup by the City of Mound on May 17, 2011.

2. One lookup by the City of Shakopee on December 6, 2010.

3. One lookup by the City of St. Paul on February 11, 2010.

4. Three lookups by the Hennepin Courts: two lookups on June 21, 2011; and one lookup on June 27, 2011.

With respect to the remaining DPPA claims, the Court further incorporates its holdings and analysis in *Mallak* as they relate to DPPA claims. *See Mallak*, 2014 WL 1285807, at *6-9. Generally, to be liable under the DPPA, a defendant must knowingly obtain, disclose, or use personal information for a purpose other than one of the permissible purposes listed under Section 2721(b). *See* 18 U.S.C. § 2724(a); *see also Mallak*, 2014 WL 1285807, at *6. In *Mallak*, this Court further held that whether an individual "obtained" information involves a fact-specific analysis, but need not necessarily include physical possession, and that to state a claim under the DPPA, a plaintiff must allege that the information as obtained "for a purpose not permitted."

9

*Mallak*, 2014 WL 1285807, at *6-9; *see also Nelson v. Jesson*, Civ. No. 13-340, 2013 WL 5888235, at *2 (D. Minn. Nov. 1, 2013) (holding that possession or acquisition of information need not be tangible and information may be "obtained" through viewing); *Kost v. Hunt*, 983 F. Supp. 2d 1121, 1133 (D. Minn. 2013) ("The plain language of the [statute] . . . makes clear that the personal information must be knowingly obtained 'for a purpose not permitted.'"). Here, Plaintiff alleges that he has adequately stated a claim against all Defendants for violating the DPPA. Plaintiff also alleges that the Commissioners failed to adequately control and monitor access to his data contained in the Database.

In light of the Court's analysis in *Mallak*, the Court must now examine the facts alleged in this case and decide whether Plaintiff has stated a plausible claim. *See Roschen v. Wabasha Cnty.*, Civ. No. 13-2490, 2014 WL 3105032, at *6 (D. Minn. June 26, 2014) (stating that in DPPA cases the court must "attempt to discern cases which allege plausible claims from cases where plaintiffs engage in farfetched speculation that does not rise to the level of plausibility"). The Court concludes that Plaintiff's DPPA claims in this case do not cross the requisite "line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Here, Plaintiff's only allegations are that Kolls has been a television and radio news reporter for twenty-nine years and that his records were accessed twenty-seven times by thirteen different entities through their individual employees. (*See* Compl. ¶¶ 33-38, Ex. A.) Plaintiff adds that "[m]any of the obtainments occurred when Kolls [sic] broadcasting or had just gotten off the air," but fails to explain which "obtainments"

10

he is referencing, when those "obtainments" occurred, what broadcasting function occurred, or any other facts to support this statement. (*See id*. ¶ 98.) Plaintiff's allegations in this case amount to nothing more than speculation that the lookups were improper because he maintains a certain degree of fame. There must be more than the "sheer possibility that a defendant has acted unlawfully," and here Plaintiff only offers such a "sheer possibility." *Iqbal*, 556 U.S. at 678.

This case is distinguishable from *Mallak* where the plaintiff alleged facts that supported an inference that those persons who accessed her records were interested in her based on her role as a public defender and local attorney—a role with which defendants would have likely interacted. Most of plaintiff Mallak's lookups were in areas where she worked or was involved in her role as an attorney. *See Mallak*, 2014 WL 1285807, at *6-9. These alleged reasons for accessing Mallak's information reach beyond mere "fame" as alleged here. Additionally, though volume of lookups alone is insufficient to allow a plaintiff to state a claim, it can be relevant factual support for a claim. *See id*. Here, Plaintiff alleges twenty-seven lookups. (Compl. ¶ 95.) This differs from the 190 lookups in *Mallak*. *Mallak*, 2014 WL 1285807, at *1. Further, Plaintiff in this case fails to even allege where he lives, works, travels, or any other factual support to show why each lookup might be unreasonable or unlikely to support a "permissible" law enforcement function. This too distinguishes the present case from *Mallak* in which the plaintiff provided a detailed work history and community ties and activities relating to her role as an attorney in the area. *Id.* at *1-2. Instead, the allegations in this case are much like in *Mitchell v. City of Aitkin*, in which the plaintiff tries to rely solely on her

11

status as a television personality, but fails to connect the lookups to her status in any way. *See* Civ. No. 13-2167, 2014 WL 835129, at *6-9 (D. Minn. Mar. 4, 2014); *see also Mallak*, 2014 WL 1285807, at *9 n.12 (distinguishing *Mitchell* from *Mallak*).

In sum, Plaintiff fails to state a claim for a DPPA violation against any Defendant under Rule 12(b)(6), and all of Plaintiff's remaining DPPA claims must be dismissed. The Court, however, dismisses the claims without prejudice.  Should Plaintiff choose to amend the Complaint, the Court reserves the right to award any attorney fees and costs associated with an amended complaint that fails to substantially and materially address the deficiencies outlined by this Memorandum Opinion and Order.  The Court also cautions Plaintiff to ensure that he carefully considers any permissible reasons for law enforcement to be accessing his data, such as calls to the police reporting criminal activity, any known associations relating to criminal activity, or any other investigations relating to Plaintiff's personal circumstances in any way.

**IV.    42 U.S.C. § 1983**

Plaintiff's § 1983 claims also do not survive Defendants' motions to dismiss.  The Court hereby adopts its prior reasoning in *Mallak* with respect to Plaintiff's § 1983 claims.  *Mallak*, 2014 WL 1285807, at *9-12; *see also Potocnik v. Carlson*, Civ. No. 13-2093, 2014 WL 1206403, at *12-16 (D. Minn. Mar. 24, 2014); *Kiminski v. Hunt*, Civ. No. 13-185, 2013 WL 6872425, at *9-15 (D. Minn. Sept. 20, 2013).  In sum, as detailed in a number of DPPA cases before courts in this District, including by this Court in *Mallak*, claims under § 1983 cannot stand because:  (1) the DPPA constitutes a comprehensive enforcement scheme and thereby precludes a remedy under § 1983; and

12

(2) there is no constitutional right to privacy in the information that Plaintiff seeks to protect; and (3) there is no reasonable expectation of privacy in the information that Plaintiff seeks to protect.[4]  *Mallak*, 2014 WL 1285807, at *9-12; *see also Rasmusson v. Chisago Cnty.*, 991 F. Supp. 2d 1065, 1070-77 (D. Minn. 2014); *Potocnik*, 2014 WL 1206403, at *12-16; *Kiminski*, 2013 WL 6872425, at *9-15.  Thus, all of Plaintiff's § 1983 claims are dismissed in their entirety.[5]

## V.  Commissioners

The arguments Plaintiff presents in this case with respect to the Commissioners are substantially similar to those presented in *Mallak*.  As a result, the Court again concludes that all claims against the Commissioners must be dismissed in accordance with its analysis and holdings in *Mallak*, which it adopts herein.  *See Mallak*, 2014 WL 1285807, at *14-16.  To the extent Plaintiff makes an additional argument that the Commissioners are subject to strict liability, the Court finds the reasoning in *Potocnik* persuasive and also adopts that reasoning herein.  *Potocnik*, 2014 WL 1206403, at *4.  Plaintiff's claims against the Commissioners are thus dismissed in their entirety.

## VI.  Qualified Immunity and Severance

---

[4]  Plaintiff asserts claims under both the Fourth and Fourteenth Amendments based on alleged illegal searches and violations of the right to privacy.  The Court addresses both together in *Mallak*.  *See Mallak*, 2014 WL 1285807, at *9-12.

[5]  To the extent Plaintiff seeks to assert a *Monell* claim, there is no such claim where there is no underlying violation of Plaintiff's constitutional rights.  *See Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007); *Mallak*, 2014 WL 1285807, at *13.  As a result, any *Monell* claims against the City and County Defendants are dismissed.

Because the Court has dismissed all of the claims, Defendants' requests for qualified immunity and severance are moot.

## ORDER

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Renville County's Motion to Dismiss or to Sever (Doc. No. [14]) is **GRANTED** and all Counts against Renville County are **DISMISSED WITH PREJUDICE**.

2. Defendant City of Minneapolis' Motion to Dismiss or to Sever (Doc. No. [24]) is **GRANTED** and all Counts against the City of Minneapolis are **DISMISSED WITH PREJUDICE**.

3. Defendant City of Edina's Motion for Judgment on the Pleadings or to Sever (Doc. No. [43]) is **GRANTED** and all Counts against the City of Edina are **DISMISSED WITH PREJUDICE**.

4. Defendant City of St. Paul's Motion to Dismiss or to Sever (Doc. No. [19]) is **GRANTED** and all Counts against City of St. Paul are **DISMISSED WITHOUT PREJUDICE**.

5. Defendants City of Mound, City of Orono, City of Rosemount, City of Savage, City of Shakopee, and Dakota Communications Center's Motion to Dismiss or to Sever (Doc. No. [28]) is **GRANTED** as follows:

    i.  All Counts against the City of Orono, the City of Rosemount, the City of Savage and the Dakota Communications Center are **DISMISSED WITH PREJUDICE**.

    ii.  All Counts against the City of Mound and City of Shakopee are **DISMISSED WITHOUT PREJUDICE**.

  6. Michael Campion and Ramona Dohman's Motion to Dismiss (Doc. No. [55]) is **GRANTED** and all Counts against Michael Campion and Ramona Dohman are **DISMISSED WITH PREJUDICE**.

  7. Counts II, III, IV, and V are **DISMISSED WITH PREJUDICE** as to all Defendants.

Dated:  November 7, 2014    s/Donovan W. Frank
               DONOVAN W. FRANK
               United States District Judge